18 F.3d 954
 305 U.S.App.D.C. 194
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Michael A. LANHAM, Appellant.
UNITED STATES of America, Appellee,
v.
James LANHAM, Appellant.
UNITED STATES of America, Appellee,
v.
Chay Accol RAWLS, Appellant.
 Nos. 92-3151, 92-3154 and 92-3155.
 United States Court of Appeals, District of Columbia Circuit.
 March 2, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These cases were heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and determined the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the convictions from which these appeals have been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellants Michael Lanham, James Lanham, IV (James Lanham) and Chay Rawls were convicted of possessing with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). All three appellants argue that there was insufficient evidence to sustain their convictions. Michael Lanham also challenges the validity of the search warrant on which agents of the Bureau of Alcohol, Tobacco and Firearms (BATF) relied when searching the apartment where he lived. We reject the appellants' arguments and affirm their convictions.
 
 I.
 
 5
 At the time of their arrests, Michael Lanham, James Lanham and Chay Rawls lived in a four-bedroom apartment located on the second floor of a multi-level apartment building in southeast Washington, D.C. BATF Special Agent Bouchard obtained a warrant to search the premises based on a confidential informant's tip that armed individuals were selling crack cocaine from the apartment. Bouchard and several other BATF agents executed the search warrant on April 4, 1991, at approximately 8:00 a.m. Michael Lanham, James Lanham and Chay Rawls occupied separate bedrooms in the apartment and each was in his bedroom when the agents arrived.
 
 
 6
 The agents' search of the apartment uncovered substantial evidence that its occupants were involved in the possession of cocaine with the intent to distribute. In Michael Lanham's bedroom, the agents found: a clear plastic bag containing 125 smaller ziplock bags each holding cocaine base; a brown paper bag holding two clear plastic bags that contained a total of 100 ziplock bags of cocaine base; razor blades; and several small ziplock bags that were empty. In James Lanham's bedroom, the agents found: $8738 in cash; a loaded magazine clip which could be attached to an automatic weapon; and a large plastic ziplock bag containing multiple smaller ziplock bags. In Rawls's bedroom, the agents found: $1460 in cash and a twelve-by-twelve inch hole cut through the wall connecting his room to that of Michael Lanham. The agents also found evidence in the apartment's kitchen: a triple beam scale in a cupboard and a large ziplock bag containing multiple empty ziplock bags on top of the refrigerator.
 
 
 7
 Following the search of the apartment, Michael Lanham, James Lanham and Rawls were placed under arrest and charged with conspiring to possess with intent to distribute five grams or more of cocaine base and unlawfully possessing with intent to distribute five grams or more of cocaine base. Michael Lanham moved to suppress the physical evidence found in the apartment, arguing that the affidavit supporting the application for the search warrant failed to demonstrate probable cause. The district court denied Lanham's motion.
 
 
 8
 The three defendants' jury trial began on October 28, 1991. At the close of the government's case, all three moved for judgment of acquittal. The trial judge granted the defendants' motions with respect to the conspiracy charges, finding that the Government did not prove the existence of an agreement to possess and distribute cocaine base. The trial judge denied the motion on the possession with intent to distribute charges. The jury convicted all three defendants on the possession charges.
 
 II.
 
 9
 First, we address Michael Lanham's arguments. Michael Lanham argues that the affidavit in support of the search warrant did not establish probable cause to believe that evidence of ongoing criminal activity would be recovered from the apartment. He argues that the affidavit was fatally flawed because it did not provide the magistrate with sufficient information of the confidential informant's reliability such as the arrests, convictions or seizures of evidence resulting from the informant's previous tips. Lanham asserts that specific information of this sort is necessary so that a magistrate can make an independent finding as to the informant's reliability. We do not agree.
 
 
 10
 The affidavit contained Special Agent Bouchard's statement that the informant had proved reliable to the BATF in the past "in that the information from 'it' has been corroborated and substantiated through various law enforcement officers and resources." Suppression Motion Exhibit 2 at 1. Bouchard's affidavit also recited that he had corroborated the informant's tip by having observed the latter making a controlled purchase of drugs from the apartment within seventy-two hours of the search warrant's execution. Id. at 2. Our duty in reviewing the magistrate's finding of probable cause is simply to ensure that he had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 236 (1983). We find that Agent Bouchard's affidavit established such a basis.
 
 
 11
 When an affidavit relies on a confidential informant's tip to provide probable cause for a search warrant, the magistrate must determine whether "given all of the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of crime will be found in a particular place." Id. at 238. The appellants have not cited, nor are we aware of, any cases that expound on Gates by requiring that an affidavit contain the details of a confidential informant's previous tips. To the contrary, our precedent suggests that such details are not necessary. See United States v. Laws, 808 F.2d 92, 100 n. 63 (D.C.Cir.1986) (recital of ongoing cooperation with police is sufficient to establish probable cause); United States v. Bruner, 657 F.2d 1278, 1297 (D.C.Cir.1981) (magistrate could rely "on a recital that the informant had previously given correct information, without requiring further factual elaboration of past reliability").
 
 
 12
 Michael Lanham also argues that the search warrant did not establish probable cause because it recited only that the police saw the informant enter Lanham's apartment building, not his apartment. This argument is foreclosed by our decision in United States v. Richardson, 861 F.2d 291 (D.C.Cir.1988). There, we stated that
 
 
 13
 It is not necessarily crucial to a finding of probable cause that a police officer observe an informant enter the specific apartment where a controlled buy is being conducted. To hold otherwise would make apartment houses effectively off limits to officers seeking to enforce the narcotics laws.
 
 
 14
 Id. at 294. Accordingly, we reject Michael Lanham's challenge to the sufficiency of the search warrant.
 
 
 15
 We also reject his argument that the Government did not present sufficient evidence to support his conviction of possessing cocaine with intent to distribute. Our standard of review with respect to this issue is extremely narrow--our role is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Monroe, 990 F.2d 1370, 1373 (D.C.Cir.1993). Based on the 225 ziplock bags of cocaine base found in his room, a rational juror could have concluded beyond a reasonable doubt that Michael Lanham possessed the drugs with the intent to distribute. Accordingly, we will not disturb the jury's guilty verdict.
 
 III.
 
 16
 Next, we proceed to James Lanham's argument that the Government's evidence was insufficient to support his conviction. The Government did not present any evidence at trial establishing James Lanham's actual possession of the contraband found in Michael Lanham's bedroom. The district court instructed the jury, however, that it could find James Lanham guilty if he constructively possessed the cocaine or aided and abetted its possession.
 
 
 17
 We hold that the jury had sufficient evidence to find James Lanham guilty under the Government's alternative aiding and abetting theory. In order to find James Lanham guilty as an aider or abettor, the jury had to find that he: (1) intended to facilitate the commission of a crime by another; (2) had guilty knowledge that an offense was being committed by someone; and (3) assisted or participated in the commission of the offense. United States v. Poston, 902 F.2d 90 (D.C.Cir.1990). A rational juror could have found each of these elements beyond a reasonable doubt.
 
 
 18
 First, the jury could reasonably conclude that the loaded magazine clip, the large quantity of cash and the ziplock bags found in James Lanham's bedroom proved his intent to facilitate the possession of cocaine with intent to distribute. Second, the jury could have reasonably concluded that James Lanham was aware that a crime was being committed by someone living in the apartment. See United States v. Jenkins, 928 F.2d 1175 (D.C.Cir.1991) (recognizing the "natural inference that those in a house know what is going on inside"). Furthermore, the triple-beam scale and ziplock bags found in the kitchen, a room to which James Lanham presumably had access, make it extremely unlikely that he was not aware that someone in the apartment was dealing drugs. Finally, the jury could have reasonably concluded from the evidence found in James Lanham's bedroom that he assisted or participated in the offense. Because we find that a rational juror could have concluded beyond a reasonable doubt that James Lanham aided and abetted the possession of cocaine with the intent to distribute, we affirm his conviction.
 
 IV.
 
 19
 Finally, we come to Chay Rawls. Although he presents a much closer case, we are mindful of the deference with which we must review the jury's verdict. Because we find that a rational juror could have found Rawls guilty of aiding and abetting the possession of cocaine with intent to distribute beyond a reasonable doubt, we must affirm his conviction.
 
 
 20
 The jury could have reasonably concluded that Rawls was aware that Michael Lanham possessed cocaine in the apartment with the intent to distribute it. Both Rawls's residence in the apartment and the evidence found in the kitchen, to which he also presumably had access, lead to this conclusion. Furthermore, the jury could have concluded from the twelve-by-twelve inch hole found in his bedroom that Rawls intended to facilitate the crime. The hole connected Rawls's room to the room where the BATF agents found a large quantity of cocaine base. The jury reasonably could have inferred that Rawls and Michael Lanham used the hole to pass drugs and/or money back and forth in the course of drug transactions. The jury could also have concluded that the hole constituted evidence that Rawls assisted and participated in the crime. The large quantity of cash found in Rawls's room further indicates that he participated in the possession of cocaine with the intent to distribute. Therefore, we affirm his conviction.
 
 
 21
 For the reasons set forth above, we affirm the convictions of Michael Lanham, James Lanham and Chay Rawls.